WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Leticia Rodriguez and Guadalupe Rodriguez, | No. CV-21-00289-PHX-DLR |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| Nino Abate, Sharol Harris, American Rental Properties LLC, Donald Calendar, and Brian Ladouceur, | |
| Defendants. | |

Pending before the Court are Defendants'[1] motions to dismiss, which the Court will consider together. (Docs. 10, 18, 27.) The motions are fully briefed, and, for the following reasons, are granted.

**I. Background**

Plaintiff Leticia Rodriguez bought a vehicle from B&G Auto Sales ("B&G") under a financing agreement (the "Agreement") with ARP, an in-house financing company. (Doc. 1 at 7.) About five months later, she defaulted and voluntarily returned the vehicle to B&G, which later resold the vehicle for the amount Ms. Rodriguez owed under the loan. (*Id.*) ARP, represented by Nino Abate, then sued her in Maricopa County Justice Court on

---

[1] This matter references earlier litigation in Maricopa County Justice Court where Leticia Rodriguez and Guadalupe Rodriguez—here, Plaintiffs—were defendants. Party designations in this order refer to the parties as they appear in the caption, not in the earlier lawsuit in Justice Court.

September 22, 2014 "for the entire deficiency amount due on the defaulted contract." (*Id.* at 8; Doc. 1-1 at 29.)

After attempts at serving Ms. Rodriguez failed, the Justice Court entered default judgment against her. (Doc. 1-1 at 30.) A writ of garnishment issued against Ms. Rodriguez, and ARP assigned the judgment to Sharol Harris, who collected a portion of the judgment until the Justice Court quashed the writ in December 2015. (Doc. 1 at 10-11; Doc. 1-1 at 30.) On November 2, 2017, The Maricopa County Superior Court vacated the default judgment for improper service and remanded the case back to the Justice Court "for it to make whatever orders are needed for the parties to proceed with a contested action." (Doc. 1-1 at 16.)

Back at Justice Court, an evidentiary hearing was held in March 2018 and the court entered judgment against Ms. Rodriguez again. (Doc. 1 at 12; Doc. 1-1 at 23, 29.) On an unopposed motion by defendants, the Justice Court amended the judgment a month later to add Ms. Rodriguez's husband as a judgment debtor. (Doc. 1 at 13; Doc. 1-1 at 31.)

Plaintiffs appealed the second judgment but failed to file a supersedeas bond to stay enforcement of the judgment. (Doc. 1 at 13; Doc. 1-1 at 31.) Consequently, defendant Harris sought and received a writ of garnishment while the appeal was pending and filed a satisfaction of judgment in January 2019. (Doc. 1 at 13, 16; Doc. 1-1 at 32.) Afterward, the Superior Court vacated the Justice Court judgment because it found "the trial court record insufficient to allow for meaningful appellate review" and remanded the matter to Justice Court "for all further proceedings, including, if necessary, a trial de novo." (Doc. 1-1 at 38.)

Back at the Justice Court, Plaintiffs moved to dismiss. Having filed a satisfaction of judgment, Defendants did not contest the motion, and the Justice Court dismissed the case. Plaintiffs then filed a complaint with this Court, alleging various violations of federal and state law. (Doc. 1.)

/ / /

/ / /

**II. Standard**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III. Analysis**

    **A. Claim One: 42 U.S.C. § 1983**

A § 1983 action accrues when the plaintiff knows or has reason to know of the injury constituting the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Because § 1983 lacks its own statute of limitation, federal courts apply the statute of limitations for personal injury claims in the forum state. *Id.* Arizona courts apply a two-year statute of limitations period to personal injury claims. *Id.*

Here, claim one alleges against all defendants that Ms. Rodriguez was declared a judgment debtor and both plaintiffs were garnished without a trial. (Doc. 1 ¶ 63.) The garnishment occurred on April 3, 2018, and therefore the two-year limitations period began

to run on that date. Plaintiffs filed the complaint on February 16, 2021, more than two years later. Claim one is time barred.

### B. Claim Two: Violation of Federal Trade Commission Act

The Federal Trade Commission Act ("FTCA") empowers the Federal Trade Commission to "prevent" certain entities from using, among other things, "unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a)(2). But the act does not provide a private right of action. *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973). Thus, claim two must be dismissed.

### C. The remaining state law claims

Claims three through six, the remaining claims, arise under Arizona law. The parties are not diverse. District courts "may decline to exercise supplemental jurisdiction over a claim" when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having considered the *Sanford* factors, the Court declines to exercise supplemental jurisdiction over these purely state law claims. *See id.* (holding that district court acted within its discretion in declining to exercise supplemental jurisdiction over pendent state law claims after granting motion to dismiss all federal claims).

## III.  Conclusion

Claim one is time barred and Claim two does not confer a right of action. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore,

**IT IS ORDERED** that the motions to dismiss (Docs. 10, 18, 27) are **GRANTED**.

///

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED**. Claims one and two are dismissed with prejudice and Claims three through six are dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly and terminate this case.

Dated this 14th day of March, 2022.

Douglas L. Rayes<br>
United States District Judge